1 | ERSKINE & TULLEY
  | A PROFESSIONAL CORPORATION
2 | MICHAEL J. CARROLL (STATE BAR #50246)
  | 220 Montgomery Street, Suite 303
3 | San Francisco, CA 94104
  | Telephone:   (415) 392-5431
4 | Facsimile:   (415) 392-1978

5 | Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE AUTOMOTIVE )
INDUSTRIES WELFARE FUND, AUTOMOTIVE )  NO.
INDUSTRIES PENSION FUND; JIM BENO,  )
TRUSTEE,                             )  COMPLAINT
                                     )
           Plaintiffs,               )
                                     )
      vs.                            )
                                     )
STEPHEN SHAW individually and doing  )
business as HAYWARD TIRE and BRAKE,  )
                                     )
           Defendant.                )
_____)

Plaintiffs complain of defendant and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating provisions of ERISA and the provisions of the National Labor Relations Act of

COMPLAINT
1

1  1947. This action is also brought pursuant to the Federal Declaratory
2  Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual
3  controversy between plaintiffs and defendant, and for a Judgment that
4  defendant pay fringe benefit contributions in accordance with its
5  contractual obligations.
6      2.   Plaintiffs, BOARD OF TRUSTEES OF THE AUTOMOTIVE
7  INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND,
8  (hereinafter "TRUST FUNDS"), named in the caption, are trustees of
9  employee benefit plans within the meaning of §§3(1) and (3) and
10 §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and
11 a multi employer plan within the meaning of §§3(37) and 515 of ERISA,
12 29 U.S.C. §§1002(37) and §1145. Plaintiff JIM BENO is a Trustee.
13 Said TRUST FUNDS are authorized to maintain suit as independent legal
14 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).
15     3.   Plaintiffs are informed and believe and thereupon
16 allege that defendant, STEPHEN SHAW, individually and doing business
17 as HAYWARD TIRE and BRAKE, is found and is doing business in this
18 judicial district.
19     4.   Each and every defendant herein is the agent of each
20 and every other defendant herein. Defendant and each of them are
21 engaged in commerce or in an industry affecting commerce.
22     5.   At all times pertinent hereto defendant was bound by
23 written collective bargaining agreements between Machinists Automotive
24 Trades District Lodge No. 190, a labor organization in an industry
25 affecting commerce, and the East Bay Automotive Council. The
26 aforesaid agreements provide that defendant shall make contributions
27 to the TRUST FUNDS on behalf of defendant's employees on a regular
28 basis on all hours worked, and that defendant shall be bound to and

1  abide by all the provisions of the Trust Agreements.

2      6.  Defendant has breached both the provisions of the
3  collective bargaining agreements and the Trust Agreements above
4  referred to by failing to complete and send in monthly reports and/or
5  to pay all moneys due thereunder on behalf of defendant's employees
6  to the TRUST FUNDS.  Said breach constitutes a violation of ERISA (29
7  U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8      7.  Pursuant to the terms of the collective bargaining
9  agreements there is now due, owing and unpaid from defendant to the
10 TRUST FUNDS contributions for hours worked by covered employees found
11 due by a payroll audit for the period January 1, 1999 through June
12 30, 2002 and liquidated damages, interest and testing fees which are
13 specifically provided for by said agreements.  The total amount due
14 is $12,279.35; additional amounts may become due during the course of
15 this litigation and in the interest of judicial economy, recovery of
16 said sums will be sought in this case.  Interest is due and owing on
17 all principal amounts due and unpaid at the legal rate from the dates
18 on which the principal amounts due accrued.

19     8.  Demand has been made upon said defendant, but defendant
20 has failed and refused to pay the amounts due the TRUST FUNDS or any
21 part thereof; and there is still due, owing and unpaid from defendant
22 the amounts set forth in Paragraph 7 above.

23     9.  The Trust Agreement provides that, in the event suit
24 is instituted to enforce payments due thereunder, the defendant shall
25 pay court costs and a reasonable attorneys' fee.  It has been
26 necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL
27 CORPORATION, as attorneys to prosecute the within action, and a
28 reasonable attorneys' fee should be allowed by the Court on account

1 | of the employment by plaintiff of said attorneys.

2 | WHEREFORE, plaintiff prays:

3 | 1. That the Court render a judgment on behalf of plaintiffs
4 | for all contributions due and owing to the date of judgment, plus
5 | liquidated damages provided for by the contract, interest at the legal
6 | rate, testing fees, reasonable attorneys' fees incurred in prosecuting
7 | this action and costs.

8 | 2. That the Court enjoin the defendant from violating the
9 | terms of the collective bargaining agreement and the Trust Agreements
10 | for the full period for which defendant is contractually bound to file
11 | reports and pay contributions to the TRUST FUNDS.

12 | 3. That the Court reserve plaintiffs' contractual right to
13 | audit defendant for months prior to judgment, and in the event of such
14 | audit, collect any additional sums which may be due.

15 | 4. That the Court retain jurisdiction of this cause pending
16 | compliance with its orders.

17 | 5. For such other and further relief as the Court deems
18 | just and proper.

19 | DATED: May 21, 2008

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: _____
Michael J. Carroll
Attorneys for Plaintiffs

COMPLAINT
4